ELIHU B. FROST, Appellant, *v.* ELECTRIC BOAT COMPANY, Respondent.

First Department, February 10, 1922.

**Master and servant — evidence — action to recover salary under written contract — compliance with provision in contract that plaintiff should " devote his business energies to developing and advancing the general business " of defendant may be shown by testifying generally to effect that plaintiff had so devoted his business energies.**

In an action to recover salary due under a written contract which provided that the plaintiff should " devote his business energies to developing and advancing the general business " of the defendant, it was error for the trial court to refuse to allow the plaintiff to testify generally that he had devoted his business energies to the best interests of the defendant, as that was the only proof the plaintiff could make as to his fulfillment of the said provision of the contract, and a judgment dismissing the complaint apparently because of the plaintiff's failure to prove compliance with such provision must be reversed.

CLARKE, P. J., and MERRELL, J., dissent.

APPEAL by the plaintiff, Elihu B. Frost, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 27th day of November, 1920, upon the dismissal of the complaint by direction of the court at the close of the plaintiff's case.

*Deiches & Goldwater* [*Maurice Deiches* of counsel; *Francis L. Driscoll* with him on the brief], for the appellant.

*Stroock & Stroock* [*M. J. Stroock* of counsel; *Charles Levy* with him on the brief], for the respondent.

SMITH, J.:

The plaintiff had been from the day of its organization in 1899, up to August, 1915, one of the managers and executive officers of the defendant, the Electric Boat Company. In August, 1915, they entered into a contract of which the following is a copy:

" AGREEMENT made this first day of August, 1915, by and between Electric Boat Company, a corporation of the State of New Jersey, and Elihu B. Frost, of the State of New York.

" WHEREAS, the said Frost has been in the employ of the Boat Company since its organization in 1899 as one of its managers and executive officers, and

" WHEREAS, it is the desire of the Boat Company to continue the said employment of the said Frost as one of its advisers and managers for the term of five years from the date hereof,

" *Now, therefore,* in consideration of the execution of this agreement by the parties hereto at each other's request, the services agreed to be performed by said Frost and the payments to be made

him hereunder, the said Boat Company hereby retains and employs said Frost as one of its managers for a period of five years from the date hereof at and for the annual salary of $25,000, payable semi-monthly in arrears, and such additional compensation based on percentage of the Company's net profits as may be determined from time to time by the Board of Directors.

." The said Frost in consideration of said employment and the payment of the salary herein provided for, agrees to devote his business energies to developing and advancing the general business of the Boat Company and to render such services in an administrative or managerial capacity *as reasonably may be required of him* by the said Boat Company provided the performance of such services be within his power, and the said Frost agrees further, not to directly or indirectly interest himself in or promote the business of any company engaged in the business of constructing or selling submarine boats, torpedoes or marine engines without the consent of the said Boat Company, or in any enterprise or business deemed by said Boat Company hostile or detrimental to its interests.

" The parties hereto agree that Exhibit A attached hereto shall define and control their respective rights with regard to each other in so far as any patents or inventions made, discovered or controlled by the said Frost may be concerned and the Company's rights therein and thereto and its rights to use, take over and become owner of any such inventions, said Exhibit A being hereby made a part of this agreement.

" *In witness whereof*, the parties hereto have duly executed this contract the day and year first above written.

" ELECTRIC BOAT COMPANY,
" [SEAL] by HENRY R. CARSE,
" *President.*
" ELIHU B. FROST."

By Exhibit " A " the plaintiff was under obligation to transfer to the company any inventions or discoveries which he should make relative to the " construction, use, operation or sale of submarine or submersible boats, heavy oil engines and torpedoes, as well as those relating to any other machinery or appliances used in the operation of submarine boats * * *," while in defendant's employ or within six months thereafter. Plaintiff further agreed to hold secret all information acquired. After the six months named defendant was to have the option to purchase any further inventions within one year and a half.

The plaintiff continued his services in behalf of the defendant

corporation until January, 1917, when he was told by one Mr. Johnson that Mr. Carse, the president of the defendant, had told him to tell plaintiff that he did not care to see the plaintiff at the office at all, that his appearance at the office was very disagreeable to him, and he was through and had nothing more to ask of the plaintiff. Plaintiff swore to the conversation with Johnson and offered to supplement that conversation by showing the authority of Johnson to speak for Carse, but, before opportunity to offer such evidence was given, a motion was made for a dismissal of the complaint and granted, so that we must assume that the message was the message of Carse to the plaintiff.

The complaint in the action acknowledges payment of the $25,000 a year up to the 1st day of February, 1917, and denies payment due thereafter. The allegation is that the plaintiff has duly performed his part of the contract. This is denied in the defendant's answer. The proof is that after receiving this notice through Johnson, the plaintiff did not appear at the offices of the defendant and took no further part in the management of the business. There were certain positive and negative covenants stated in Exhibit A attached to the contract, with which the plaintiff swore he had fully complied, and further testified that he had been ready at all times to perform any services in behalf of the company that he might be asked to perform.

The contention of the defendant in support of this judgment is that the plaintiff failed to prove that he " had devoted his ' business energies to developing and advancing the general business of the Boat Company,' " and inasmuch as there was no allegation of a waiver of the requirements of the plaintiff's contract by the defendant, the plaintiff could not here recover for a breach of the contract on the theory that the defendant had waived the requirements of the contract.

This was not the usual contract of service. In the preamble of the contract it was recited that, whereas Frost had been in the employ of the boat company since its organization in 1899 as one of its managers and executive officers, and, whereas, it was the desire of the boat company to continue the said employment of the said Frost " as one of its advisers and managers for the term of five years from the date hereof." The obligation is then stated, that Frost agreed to devote his business energies to developing and advancing the general business of the boat company " and to render such services in an administrative or managerial capacity *as reasonably may be required of him* by the said Boat Company." The plaintiff did not contract to act as a manager for five years, but only to perform such managerial duties as might be required of

him. The contract in this respect he has faithfully performed, and he has performed all the duties as managerial officer that were required of him. This action is not for a breach of that contract except as far as the payment of the money is concerned. The action is not for a discharge. The plaintiff was not discharged. It will be noticed that the contract contains covenants which prohibit the plaintiff from directly or indirectly interesting himself in or promoting the business of any company engaged in the business of constructing or selling submarine boats, without the consent of the defendant, or in any enterprise or business deemed by said company hostile or detrimental to its interests. This covenant was still binding upon the plaintiff notwithstanding no further managerial duties were required of him. Further, he was to give to the company all his inventions and all the information acquired by him in reference to submarine boats, and the right to these inventions existed not only during the term of the employment, but for six months thereafter, and for a year and a half after said six months the defendant had an option to purchase any new inventions which the plaintiff might make. It may well be that the company did not care to require any further service from him as manager, but did desire performance of the other covenants of the contract on his part, not to become interested in any business which might be antagonistic to the defendant's business, and further, to hold the rights given to the defendant to purchase any inventions that should be made by the plaintiff for two years after the termination of the five-year period. The plaintiff was never released from these obligations. In fact, the plaintiff could have been enjoined, had he attempted to violate these covenants within the five-year period of the contract. The company might require his services in a managerial capacity to any extent which the company pleased, as might be reasonable, and upon proving that he has complied with every other term of the contract and performed all services in a managerial capacity that were required of him, the plaintiff's right to recover the salary unpaid for the full five years would seem to be established, unless, as defendant claims, for one single provision in the contract. That provision is that he was to devote his business energies to developing and advancing the general business of the boat company. Apparently the trial court has dismissed the complaint because of his failure to make proof of his compliance with this provision of the contract. But this provision of the contract is extremely indefinite. Its only enforcible construction must mean that he will devote his business energies to the best interests of the company in connection with his specific duties which he was to perform under the contract.

This is made evident by the recital in the preamble of the contract of their desire to retain him as adviser and manager for the term of five years. Evidence of the plaintiff was excluded to the effect that he had devoted his business energies to the best interests of the company, and I am unable to conceive, if this evidence be not competent, how the plaintiff could make more definite proof upon that subject. Suppose the plaintiff had in fact acted as manager for the company for the full five years and was suing to recover his salary, the only proof that he could make that he had devoted his business energies to the best interests of the company would be an answer to the general question. This is especially true in view of the fact that in defendant's answer there is no claim whatever of any violation of the contract on his part. Defendant's counsel objected on the trial that under the plaintiff's pleading the plaintiff could recover only upon proof of full performance. But if the plaintiff had alleged that no services were required of him in a managerial capacity after February 1, 1917, the same requirement would rest upon him as to giving proof that he devoted his business energies to the best interests of the company, and that proof could be no more definite than the plaintiff has attempted to give in this action, wherein the evidence was excluded. He swears that he had talks upon the general business of the company with several of the officers of the company in relation to the affairs of the company. In the absence, therefore, in the defendant's answer of any allegation of any specific failure on the part of the plaintiff to perform his contract, if any proof be needed in the first instance of compliance with this indefinite provision of the contract, if he had been allowed to swear generally that he devoted his business energies to the best interests of the company, he would at least have established a *prima facie* case of the performance of this covenant.

In my judgment the complaint was improperly dismissed, and the judgment should be reversed and a new trial granted, with costs to plaintiff to abide the event.

LAUGHLIN and GREENBAUM, JJ., concur; CLARKE, P. J., and MERRELL, J., dissent.

Judgment reversed and new trial ordered, with costs to appellant to abide event.